No. 2026-1458, -1460

UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

THE MOSAIC COMPANY,

*Plaintiff-Appellant,*

*v.*

UNITED STATES, THE GOVERNMENT OF THE KINGDOM OF MOROCCO,

*Defendants-Appellees,*

OCP S.A.,

*Defendant-Cross-Appellant.*

On Appeal from the United States Court of International Trade,
in No. 1:23-cv-00246-TCS, Judge Timothy C. Stanceu.

**PLAINTIFF-APPELLANT THE MOSAIC COMPANY'S
CORRECTED PARTIAL CONSENT MOTION TO STAY APPEAL**

Pursuant to Federal Rule of Appellate Procedure and Federal Circuit Rule 27, Plaintiff-Appellant The Mosaic Company ("Mosaic") respectfully requests that this Court stay the briefing in this appeal pending the final resolution of a related case. Defendant-Appellee the United States indicated to Mosaic on June 5, 2026, that they consent to this motion; Defendant Cross-Appellant OCP S.A. indicated on June 8, 2026 that it opposes this motion and intends to file a response; and Defendant-Appellee the Government of the Kingdom of Morocco indicated on June 8, 2026

that it opposes this motion.  No party has yet filed a brief in this matter; Mosaic's opening brief is currently due on June 22, 2026.

This stay is requested in light of the ongoing litigation currently before the U.S. Court of International Trade ("CIT") in *The Mosaic Company v. United States*, Court No. 21-00116 (Court Int'l Trade), an appeal of the Commerce Department's final affirmative determination in the countervailing duty investigation of phosphate fertilizers from Morocco.  *See Phosphate Fertilizers From the Kingdom of Morocco: Phosphate Fertilizers From the Kingdom of Morocco*: Final Affirmative Countervailing Duty Determination, 86 Fed. Reg. 9,482 (Dep't Commerce Feb. 16, 2021) and accompanying Issues and Decision Memorandum.  That proceeding challenges, among other issues, Commerce's methodology for determining the adequacy of remuneration paid for the phosphate mining rights provided by the Government of the Kingdom of Morocco to OCP S.A.  Oral arguments for these proceedings occurred on April 21, 2026, after which Judge Stanceu directed the parties to provide additional briefing; these briefs were filed on June 4, 2026.

The same core issue is presented in this instant appeal, which arises from Commerce's final results in the first administrative review of the same order.  As in the ongoing litigation concerning the investigation segment of the order, the parties here challenge certain aspects of Commerce's methodology for assessing and

quantifying the benefit conferred to OCP.  The CIT's forthcoming decision therefore will address a core issue that is common to this appeal.

A stay of briefing until the final resolution of all litigation, including appeals, concerning the investigation segment is therefore warranted.  Staying this appeal pending final resolution would conserve the resources of the Court and the parties by avoiding potentially duplicative briefing on overlapping issues and by allowing any subsequent proceedings in this Court to be informed by the final decision.

A stay would not prejudice any party.  No party has yet filed a merits brief in this appeal, and the requested stay would simply defer the current briefing schedule pending issuance of the final decision.

If the Court grants this motion, the Mosaic respectfully requests that the Court direct the parties to notify the Court within 14 days of the final decision and to propose an appropriate schedule for further proceedings in this appeal at that time.

For the foregoing reasons, Mosaic respectfully requests that the Court stay briefing in this appeal pending final resolution of all litigation concerning the investigation segment of these proceedings, currently before the Court of International Trade.

Dated:  June 8, 2026

Respectfully submitted,

/s/ David J. Ross
DAVID J. ROSS
WILMER CUTLER PICKERING
   HALE AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
(202) 663-6000

*Counsel for Plaintiff-Appellant*
*The Mosaic Company*

# CERTIFICATE OF INTEREST

Counsel for Plaintiff-Appellant The Mosaic Company certifies the following:

**1.     Represented Entities**. Fed. Cir. R. 47.4(a)(1).  Provide the full names of all entities represented by undersigned counsel in this case.

The Mosaic Company.

**2.     Real Party in Interest**. Fed. Cir. R. 47.4(a)(2).  Provide the full names of all real parties in interest for the entities.  Do not list the real parties if they are the same as the entities.

None.

**3.     Parent Corporations and Stockholders**.  Fed. Cir. R. 47.4(a)(3). Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.

None.

**4.     Legal Representatives**.  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

WILMER CUTLER PICKERING HALE AND DORR LLP:  David J. Ross, Stephanie E. Hartmann, Jake A. Laband, Alexandra S. Maurer, Jeffrey Ian Kessler (former), Kanzanira Thorington (former)

**5.     Related Cases**.  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐ Yes (file separate notice; see below)     ☒ No     ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  Please do not duplicate information.  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

None.

**6.** **Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

None.

Dated:  June 8, 2026

/s/ David J. Ross

DAVID J. ROSS
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
(202) 663-6000

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS**

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because:

1.     The filing has been prepared using a proportionally spaced typeface and includes 502 words.

2.     The motion has been prepared using Microsoft Word for Office 365 in 14-point Times New Roman font.  As permitted by Fed. R. App. P. 32(g), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ David J. Ross
DAVID J. ROSS
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue, N.W.
Washington, DC  20037
(202) 663-6000

June 8, 2026