United States Court of Appeals
for the Federal Circuit

———————

THE MOSAIC COMPANY,

*Plaintiff-Appellant*,

v.

UNITED STATES, THE GOVERNMENT OF THE KINGDOM OF MOROCCO,

*Defendants-Appellees*,

OCP S.A.,

*Defendant-Cross-Appellant*.

———————

On Appeal from the United States Court of Interntional Trade
No. 1:23-cv-00246-TCS
Timothy C. Stanceu, Judge

———————

**DEFENDANT-APPELLEE THE GOVERNMENT OF THE KINGDOM OF MOROCCO'S OPPOSITION TO PLAINTIFF-APPELLANT'S MOTION TO STAY APPEAL**

———————

Pursuant to Federal Rule of Appellate Procedure Rule 27(3) and Federal Circuit Rule 27, the Government of the Kingdom of Morocco ("GOM") respectfully responds to the motion filed by Plaintiff-Appellant The Mosaic Company ("Mosaic") (ECF Doc. 20) requesting that this Court stay briefing in this appeal until the final resolution of litigation,

including any appeals, currently pending before the U.S. Court of International Trade ("CIT") – *The Mosaic Company v. United States*, CIT Ct. No. 21-00116 (Court Int'l Trade) (the "CIT Case"). This Court should deny Mosaic's request because it would not conserve resources or serve any other purpose.

This Court has broad discretion in deciding whether to grant a stay of proceedings, and in exercising that discretion, the Court will "weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 (1936); *see, e.g., Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). This Court has previously warned that this discretion is not boundless, as a stay so extensive that it is "immoderate or indefinite, may be an abuse of discretion." *Groves v. McDonough*, 34 F. 4th 1074, 1080 (citing *Landis*, 299 U.S. at 257, 57 (Fed. Cir. 1983)). In considering whether to grant a stay of proceedings, a court will often review whether such action will conserve judicial resources or inflict harm upon the non-moving parties. *See, e.g., Cherokee*, 124 F.3d at 1416; *see also Kaptan Demir Celik Endustrisi ve Ticaret A.S. v. United States*, 592 F. Supp. 3d 1332, 1337 (Ct. Int'l Trade 2022). In short, to grant a request for a

stay, the "court must first identify a pressing need for the stay." *Cherokee*, 124 F.3d at 1416.

Mosaic bases its motion on one argument, *i.e.*, that a stay "would conserve the resources of the Court and the parties by avoiding potentially duplicative briefing on overlapping issues and by allowing any subsequent proceedings in this Court to be informed by the final decision." CM/ECF Doc. 20 at 3. Mosaic is wrong because a stay would only delay briefing, not avoid it.

*First*, although both cases involve challenges to the U.S. Department of Commerce's determinations regarding phosphate mining rights, both cases also include challenges to other determinations that do not overlap. Granting the stay would delay the disposition of issues in this action that do not exist in the CIT Case.

Regarding the phosphate mining rights issue, the determinations involve Commerce's analysis of different facts during different time periods. Thus, the briefing in the two cases will not be identical. Even if the issues were identical, the CIT has observed that "the parties can easily raise the same arguments without significant effort, and the court can examine the arguments again without significantly expending

resources. . . ." *Kaptan Demir*, 592 F. Supp. 3d at 1337. A stay would not conserve resources but would simply delay the progress of this action.

*Second*, Mosaic posits that no party would be prejudiced by a stay of this appeal. However, as this Court has held, public policy favors the expeditious resolution of cases. *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1080 (Fed. Cir. 1989). Relatedly, "some harm is inherent in any denial of the right to proceed," given the parties' interest in quickly resolving disputes. *Neenah Foundry Co. v. United States*, 24 C.I.T. 202, 205 (2000). *Mosaic* has not established any "pressing need" for a stay that would cut against these interests or otherwise justify a stay.

For the foregoing reasons, the GOM respectfully requests that the Court deny Mosaic's motion to stay briefing in this appeal pending final resolution of all litigation in *The Mosaic Co. v. United States*.

Dated: June 12, 2026

Respectfully submitted,

/s/ Jonathan M. Zielinski

Jonathan M. Zielinski
James E. Ransdell
Chase Dunn
Stephen A. Laufer

CASSIDY LEVY KENT (USA) LLP
2112 Pennsylvania Ave, N.W. Ste. 300
Washington, D.C. 20037
Phone: (202) 567-2300
Fax: (202) 567-2301

*Counsel to The Government of the
Kingdom of Morocco*

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number**    2026-1458

**Short Case Caption**    Mosaic Company v. US

**Filing Party/Entity**    The Government of the Kingdom of Morocco

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 03/04/2026

Signature: /s/ Jonathan M. Zielinski

Name: Jonathan M. Zielinski

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.  ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.  ☑ None/Not Applicable |
| The Government of the Kingdom of Morocco | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☒     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☒   Yes (file separate notice; see below)   ☐   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases.**  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑     None/Not Applicable          ☐     Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2026-1458, 2026-1460

**Short Case Caption:** Mosaic Company v. US

> **Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

[✔] the filing has been prepared using a proportionally-spaced typeface and includes __611__ words.

[ ] the filing has been prepared using a monospaced typeface and includes _____ lines of text.

[ ] the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: __06/12/2026__

Signature: /s/Jonathan M. Zielinski

Name: Jonathan M. Zielinski